## WILSON *v.* SINGER MANUF'G CO.

*(Circuit Court, N. D. Illinois.* May 8, 1882.)

1. PENALTY—OFFENCES AGAINST PATENT LAW.
    In an action for the penalty for affixing the word "patent" unlawfully on an article, an intention on the part of the defendant to affix a stamp or plate indicating that there was at the time a present subsisting patent upon the machine is necessary, and unless that appears the offence is not committed.

2. PATENTS EXPIRED.
    Where the patents marked on the machine issued have all expired, there is no subsisting patent upon the machine or any part of it; and the offence under the statute (Rev. St. § 4901) is not complete.

*Walter B. Scates,* for plaintiff in error.

*William H. King,* for defendant.

DRUMMOND, C. J. The last clause of section 4901 of the Revised Statutes declares that "every person who in any manner marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable for every such offence to a penalty of not less than $100, with costs; one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offence may have been committed."

The plaintiff in error brought an action in the district court under this statute. The declaration contains three counts, all of which have substantially this statement: That on the first day of Novem-

ber, 1876, and from that time up to the commencement of the suit, the Singer Manufacturing Company did, knowingly, wilfully, and negligently, and contrary to the statute in such case made and provided, and for the purpose of deceiving the public, print, mould, cast, stamp, engrave, mark, and affix upon sliding plates the words or inscription: "Patented September 10, 1846; May 8, 1849; November 13, 1850; August 4, 1851; August 12, 1851; April 11, 1854; May 30, 1854; November 21, 1854; December 19, 1854; May 29, 1855; and October 9, 1855,"—upon each of 100,000 Singer sewing-machines. To this declaration the Singer Manufacturing Company demurred, and the district court sustained the demurrer, and entered final judgment. 12 Chi. Leg. N. 65. Wilson took out a writ of error, and the case is now before this court upon the judgment so rendered, and the question is whether the judgment was correct. I think it was.

The only doubt upon the subject arises from the allegations in the declaration that these plates were affixed in the manner stated for the purpose of deceiving the public. But what is the offence described in the statute, for the commission of which a suit is authorized to be brought? I think it is this, and that it must appear by the allegations of the declaration: an intention on the part of the defendant to affix a stamp or plate indicating that there was at the time a present subsisting patent upon the machine; and unless that appears the offence is not complete. Does that appear on the face of this declaration? I think not. It is not disputed but that these patents existed upon the machine, and were issued in the manner and at the time stated. We have to apply the law to the declaration; and, on being so applied, it follows, as a necessary conclusion, that there were no existing patents upon any part of the machine at the time the plates were affixed. Under the law it appears all the patents thus issued have expired. If the allegations of the declaration did not contradict the fact that there was a subsisting patent, then probably the declaration would be sufficient; as if it had said that the word "patented" was affixed to the machine with the intention of deceiving the public, that might be sufficient without other language; but suppose it had said the defendant had affixed this stamp, viz., "this machine was patented in the year 1840, with the intention of deceiving the public," that would be equivalent to saying that there was a patent issued on the machine which had expired, and therefore there was no existing patent upon it. The same is true of the statement as to patents being issued upon this machine at the dates named.

When we apply the law to the statement, it shows if these patents issued they have all expired; and therefore there is no subsisting patent upon the machine, or any part of it, and the offence is not complete.

The judgment of the district court is affirmed.